## A. BOLOGNA & CO., Inc., v. ARCARDO.

### No. 1961.

Court of Appeal of Louisiana. First Circuit.

March 22, 1939.

Ben N. Tucker, of Hammond, and Yarrut & Stich, of New Orleans, for appellant.

Ellis & Bostick, of Amite, for appellee.

DORE, Judge.

Plaintiff brought this suit to foreclose a mortgage given as security for defendant's note drawn on September 14, 1932, in the principal sum of $200, bearing eight per cent interest from date per annum until paid and providing for ten per cent additional on both principal and interest unpaid as attorney's fees, of which the plaintiff claims to be the owner for value before maturity, and which it is alleged is past due, owing and unpaid, despite amicable demand.

The defense is that the indebtedness represented by the note has long been paid and that the note and mortgage should have been cancelled; that the note and mortgage were given to secure advances by Dominic Inzenza to the defendant for the growing and harvesting of defendant's strawberry crop in the season of 1932-1933; that the note was pledged to the plaintiff by Dominic Inzenza, through the partnership of Inzenza and Massarachia (composed of Dominic Inzenza's son, Charles Inzenza, and Cologero Massarachia), as part security for supplies furnished by plaintiff to Inzenza and Massarachia, which partnership acting for Dominic Inzenza furnished supplies to the defendant; that at the time the note was given it was understood by all parties concerned, including the plaintiff, that it was

given to secure supplies and advances up to its face amount, and that upon payment by the defendant of the amount of advances actually received by him his note was to be returned and the mortgage cancelled.

The District Court rendered judgment in favor of the defendant and against the plaintiff, dismissing plaintiff's suit at its costs and granting a permanent injunction against the seizure and sale of defendant's property and ordering that the mortgage herein sued on be cancelled. The plaintiff has appealed.

A review of the records in this and related cases (A. Bologna & Co., Inc., v. Sam I. Loria et al., 187 So. 293; A. Bologna & Co., Inc., v. Mrs. Leonora Bentigengna, 187 So. 293; A. Bologna & Co., Inc., v. Nick Frank, 187 So. 293, and A. Bologna & Co., Inc., v. Westley Bowman Robertson, 187 So. 294) reveals the following situation:

In the fall of 1932 Dominic Inzenza desired to finance a group of strawberry farmers, including the defendant, in the vicinity of Tickfaw in the Parish of Tangipahoa, so that they could plant and grow their 1932–1933 crop. In order to secure credit to carry out Dominic Inzenza's plan, his son, Charles Inzenza, and one Cologero Massarachia, forming the partnership of Inzenza and Massarachia, secured credit to the amount of $8,000 from the plaintiff for supplies to be furnished them by plaintiff, they in turn to furnish the farmers, on orders given by Dominic Inzenza, such supplies and advances as they needed for their 1932–1933 strawberry crops. To secure such supplies each individual farmer executed a note and mortgage in an amount which he felt would be sufficient to meet his needs, in the instant case the amount being $200. These mortgage notes of the farmers, of the total amount of from $3,000 to $3,500, together with a note executed by Cologero Massarachia in the amount of $5,500 secured by a second mortgage on a residence owned by him, at the time, in New Orleans, were pledged by Inzenza and Massarachia to the plaintiff to secure the credit of $8,-000 made by plaintiff to them. The agreement by which the credit set-up was consummated is not in writing and there is some conflict in the testimony with reference to it. From the record, however, we are convinced that the farmers, including the defendant herein, made out their notes with the clear understanding by them, as well as by the plaintiff, by Dominic Inzenza, and by Inzenza and Massarachia, that such notes were to secure only such supplies and advances as they received, and that upon payment by each individual farmer of the amount of supplies and advances actually received by him his note and mortgage would be cancelled. We are convinced that the plaintiff was fully aware of this arrangement before the notes were pledged to it, as Mr. H. H. Moss, referred to as Office Manager for the plaintiff partnership in plaintiff's brief, and Mr. Gaetano Misuraca, a member of the plaintiff partnership, were present at Tickfaw when the notes were given. It is shown by the evidence that under the arrangement the farmers were to be credited for the net proceeds received by Dominic Inzenza on strawberries harvested by the farmers and delivered to him to be sold by him. It is further shown that Dominic Inzenza, on behalf of Inzenza and Massarachia, in the spring of 1933 during the harvesting season, remitted the total sum of $3,000 to plaintiff, which was about the amount that was collected on these notes.

In the instant case it is shown by the evidence that the actual indebtedness for advances and supplies was the sum of $155.85, and that the defendant paid that amount in full.

The plaintiff complains that the remittances from Dominic Inzenza were not accompanied with any statement that they were to be applied to any particular account aside from the general indebtedness of $8,000 owed by Inzenza and Massarachia, and that the plaintiff had no knowledge that the defendant had been credited with sufficient amount to discharge his indebtedness on his note until the receipt of a letter in September, 1933, written by Charles Inzenza or his lawyer; and that, because of such lack of knowledge on plaintiff's part, the remittances by Dominic Inzenza did not act as a discharge of defendant's note in the hands of plaintiff, a bona fide purchaser before maturity. That contention would be good were it not for the fact that plaintiff had full knowledge of the whole transaction from the outset—that the note was given for advances to be made and that it would be discharged by the turning over of strawberries harvested by the defendant to Dominic Inzenza. It is our opinion, based on the evidence,

that in so far as the individual farmer is concerned he discharged his obligation on his note when he turned over sufficient strawberries to Dominic Inzenza to make up the amount he truly owed. It appears that the farmer under the arrangement could not collect the proceeds from his crop for the purpose of remitting directly to the plaintiff, and that the plaintiff was fully aware of that fact and the fact that Dominic Inzenza was to receive the defendant's strawberries and to credit him on his indebtedness, so that in effect Dominic Inzenza was acting as collector from the farmer defendant on behalf of the plaintiff.

The plaintiff in its brief contends: "Of course, the notes were to be returned to the defendants when they were paid. But paid to whom? Paid to the holder of the notes—A. Bologna & Company. Certainly not Dominic Inzenza or Inzenza & Massarachia; otherwise, * * * A. Bologna & Company would have done a vain and foolish thing in accepting the notes as security." We cannot see wherein· it was "vain and foolish" for the plaintiff, under the arrangement, to expect Dominic Inzenza to turn over funds to them received by him from the sale of the farmers' strawberries. If the plaintiff could not and did not rely on Dominic Inzenza and Inzenza and Massarachia to carry out that arrangement, it seems to us that it would have advised each individual farmer to turn over his strawberries to a specified agent named .by it. It is reasonable to conclude from the evidence that the farmer believed, and had every reason to believe, that the credit for his strawberries delivered to Dominic Inzenza was to be applied to his note, and the plaintiff had full knowledge of that fact.

The three witnesses for the plaintiff, H. H. Moss, Gaetano Misuraca and Cologero Massarachia, all testified that the farmers' notes and Massarachia's note were given as security for the whole indebtedness of $8,000 owed by Inzenza and Massarachia to the plaintiff, and that it was their understanding that the notes and mortgages were not to be cancelled until the whole of the indebtedness was paid. To accept that statement of the agreement would be to say that each defendant was solidarily liable for the whole debt of Inzenza and Massarachia, which we cannot accept as the agreement, and which plaintiff's counsel admit was not the agreement. They state in plaintiff's brief: "We do not pretend that the note of any defendant could be held as security for the entire $8,000.-00 indebtedness."

The whole issue in this case, then, is whether or not the defendant paid the amount of his advances and supplies, for which the note was given, to Dominic Inzenza, and, if so, whether or not such payment constituted payment to the plaintiff, the holder of the note. Aside from the testimony of Dominic Inzenza and Charles Inzenza, his son, to the effect that the $3,000 paid by Dominic Inzenza to the plaintiff represented credits or payments by these individual farmers on their notes, as set forth in the letter of Charles Inzenza to plaintiff in September, 1933, we have in the case another incident which strongly indicates that such was the true situation. We refer to the pledging of $1,300 of stock in a cooperative association by Dominic Inzenza to the plaintiff. The evidence shows that this stock was given on May 8th by Dominic Inzenza and accepted by· H. H. Moss, plaintiff's agent, "subject to approval of A. Bologna". It is testified by Dominic Inzenza that this stock was turned over to secure a balance owed (of less than $300) by some of the farmers on their notes, and for the return of all the farmers' notes. The stock was kept by A. Bologna & Company, the plaintiff, and there is no reason to believe that it was given for any other purpose than to secure the return of the farmers' notes. If the stock had been given as additional security, as contended by plaintiff, it does not appear reasonable that Mr. Moss, a managerial official of Bologna & Company, would have qualified his acceptance thereof as he did.

For these reasons, we find that the defendant has heretofore fully paid his indebtedness on his pledged note, and that the judgment of the District Court is correct. The judgment is therefore affirmed.